857 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shirley M. JACKSON, Plaintiff-Appellant,
v.
Otis R. BOWEN, M.D., Secretary of Health & Human Services,
Defendant-Appellee.
 No. 87-1738.
 United States Court of Appeals, Sixth Circuit.
 Sept. 9, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY, Jr., and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Shirley Jackson, appeals from the denial of social security disability benefits. Jackson originally filed for benefits on April 16, 1985, claiming a disability onset date of October 17, 1984.[1] The Secretary ultimately determined that although Jackson had severe impairments in both hands that prevented her from doing her past work, she could, nonetheless, perform alternative sedentary work. Jackson appealed to the district court pursuant to 42 U.S.C. Sec. 405(g) and the matter was referred to a magistrate. Magistrate Komives filed a written report and recommendation concluding that summary judgment should be granted in favor of the Secretary. Objections were filed to the report and recommendation and the district court reviewed the matter de novo and then adopted the magistrate's report and recommendation.
 
 
 2
 We have now independently reviewed the record and concluded that there is substantial evidence supporting the Secretary's denial of benefits. As did the district court, we adopt the magistrate's report and recommendation and write briefly for further clarification.
 
 I.
 
 3
 The claimant was 34 years old when she filed her claim for disability insurance benefits. She had a ninth grade education. Prior to the alleged onset of disability, Jackson worked as salesperson and cashier for Sears Roebuck & Company from 1977 to 1978. She was then employed by Letica Corporation as a machine operator from 1978 to 1979 and for Kelsey Hayes Company as a machine operator/attendant from 1979 to 1985.
 
 
 4
 Jackson initially alleged that she became disabled at work on October 14, 1984. She said that her hands were fine until she felt something twist and snap in her right wrist. She sought medical attention at Woodland Medical Clinic and later returned to Kelsey Hayes. She was reassigned to a job testing valves, which required the use of only one hand, but alleged that she was unable to continue working.
 
 
 5
 Plaintiff has pain and swelling in both hands but particularly in the right hand. She has been seen by a number of doctors and her condition has been diagnosed as tendosynovitis, which is an inflammation of the sheath surrounding a tendon. Although this condition can be both painful and limiting, it is not a condition that meets or equals in severity the impairments listed in the regulations' Appendix 1. 20 C.F.R. Part 404, Subpart P, Appendix 1. On appeal, Jackson has now claimed for the first time that she meets section 1.02 of the Listings of Impairments found in Appendix 1.[2]
 
 
 6
 Since this contention is made for the first time on appeal, it is not properly before us. Boone Timber Co. v. Polan, 787 F.2d 1056 (6th Cir.1986). Even if the issue were properly before us, Jackson concedes that she does not have the corroborative diagnostic test data for inflammatory arthritis, nor has she undergone the therapy as is required by the Listings.
 
 
 7
 Dr. John Sigler, a specialist in pathology, testified at Ms. Jackson's hearing as a medical advisor. Dr. Sigler reviewed the medical exhibits and questioned Ms. Jackson extensively about her condition. Dr. Sigler testified that based on the record and testimony, there was no objective evidence of an "inflammatory side disease." He noted that Dr. Pochrons, a rheumatologist, had not been able to document inflammatory joint disease. He further noted that there were no appreciable abnormalities in Ms. Jackson's bone scan or x-rays. Dr. Sigler also pointed out that despite Ms. Jackson's allegations, she had failed to take her prescribed anti-inflammatory medication on a regular basis. Finally, he stated that Ms. Jackson's allegations of pain did not indicate joint trouble but, rather, a problem in the tendons.
 
 
 8
 Dr. Christian Barrett, a vocational expert, also testified after reviewing the record and listening to Ms. Jackson's testimony. Dr. Barrett classified Ms. Jackson's former salesclerk job at Sears as light and semi-skilled, while her work as a machine attendant and a test stand operator was medium and unskilled. Dr. Barrett stated that given her dominant hand difficulties and pain as she alleged it, Ms. Jackson could not return to her past relevant work but that she could perform sorting and inspection jobs that require lifting objects weighing only a few ounces and not more than two pounds at one time, that can be performed one-handed, and that allow for the option of sitting or standing. Dr. Barrett indicated that these jobs were the least strenuous in terms of hand use and could be performed with the non-dominant hand. Approximately 2,500 such jobs exist in the Detroit metropolitan area.
 
 
 9
 The ALJ reviewed all of the evidence of record and determined that Ms. Jackson was severely impaired by an inflammatory process of the right hand and wrist and tenosynovitis affecting the right thumb and wrist. Although severe, this condition did not meet or equal in severity the impairments listed in the regulations' Appendix 1. The ALJ further found that while her condition prevented her return to her past relevant work, she retained the capacity to perform sedentary jobs that did not involve the repetitive use of her right hand. In so finding, the ALJ noted that there was no positive evidence of joint disease or rheumatoid arthritis and that the medical findings by the physicians of record were consistent with his assessment.
 
 
 10
 There is, of course, contrary medical evidence in the record, but it is not within our purview to substitute our judgment for that of the Secretary. We thus conclude that the evidence in the record in support of the Secretary's denial of benefits is substantial and we AFFIRM.
 
 
 
 [1]
 At various times in these proceedings plaintiff claimed three different onset dates
 
 
 [2]
 1.02: Active rheumatoid arthritis and other inflammatory arthritis
 With both A and B.
 A. History of persistent joint pain, swelling, and tenderness involving multiple major joints (see 1.00D) and with signs of joint inflammation (swelling and tenderness) on current physical examination despite prescribed therapy for at least 3 months, resulting in significant restriction of function of the affected joints, and clinical activity expected to last at least 12 months; and
 B. Corroboration of diagnosis at some point in time by either.
 
 
 [1]
 Positive serologic test for rheumatoid factor; or
 
 
 [2]
 Antinuclear antibodies; or
 
 
 [3]
 Elevated sedimentation rate; or
 
 
 [4]
 Characteristic histologic changes in biopsy of synovial membrane or subcutaneous nodule (obtained independent of Social Security disability evaluation)